**FILED**

MAR 2 9 2012

Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Audrey Carter, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. **12 0482** |
| ) | |
| Michelle LaVaughn Robinson Obama, et al. ) | |
| ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint upon a determination that it, among other grounds, is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff, a resident of Burlington, New Jersey, purports to sue the wife and daughters of President Barack Obama and former President George Bush. *See* Compl. Caption. In her one-page complaint, plaintiff alleges, *inter alia*, that Michelle Obama "was never married to Barrack [sic] Obama before he became President[,] [that] he met [Michelle] while she was working in a 'Go Go' bar [,] [that] Michelle knew President [] Obama was dating me and later married me in August 2012[,] [and that] Michelle began to blackmail and threaten my husband President Obama . . . ." Compl.

Plaintiff's outlandish and scandalous accusations are the type of fantastic or delusional scenarios warranting dismissal under § 1915(e)(2) as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994). Furthermore, the allegations "constitute the sort of patently insubstantial claims" that deprive the Court of subject



3

matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009); *see Caldwell v. Kagan*, 777 F. Supp.2d 177, 178 (D.D.C. 2011) ("A district court lacks subject matter jurisdiction when the complaint 'is patently insubstantial, presenting no federal question suitable for decision.'") (quoting *Tooley*, 586 F.3d at 1009). Hence, the complaint will be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: March 22, 2012